UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PENN ENGINEERING AND MANUFACTURING CORP., <br><br> Plaintiff, <br><br> v. <br><br> DONGGUAN ZHENGMAO PRECISION HARDWARE FACTORY, <br><br> Defendant. | Case No. 2:18-cv-02079-GMN-EJY <br><br> **REPORT AND RECOMMENDATION** <br><br> **Re:  Plaintiff's Motion for Default Judgment and Preliminary Injunction** <br><br> **(ECF No. 11)** |

Before the Court is Plaintiff Penn Engineering and Manufacturing Corp.'s ("Penn") Motion for Default Judgment and Permanent Injunction.  ECF No. 11.  Defendant Dongguan Zhengmao Precision Hardware Factory did not respond to Plaintiff's Motion.  The Court finds as follows.

I.      **BACKGROUND**

Plaintiff commenced this action on October 29, 2018, with the filing of a Complaint alleging the following Causes of Action against Defendant: Trademark Infringement, False Designation of Origin, and Trademark Counterfeiting under the Lanham Act, and Common Law Trademark Infringement and Unfair Competition.  ECF No. 1.  On November 5, 2018, executed summons was returned for Defendant.  ECF No. 7.  On January 2, 2019, the Clerk of Court entered default against Defendant.  ECF No. 9.  On June 10, 2020, Plaintiff filed the instant Motion for Default Judgment and Permanent Injunction, which it certifies it served upon Defendant.  ECF No. 11 at 21.

II.     **DISCUSSION**

Fed R. Civ. P. 55(b) authorizes the Court to enter default judgment when the Clerk of Court previously entered default based upon a defendant's failure to answer and defend.  *OCWEN Loan Serv., LLC v. Operture Inc.*, Case No. 2:17-cv-01026-GMN-CWH, 2018 WL 1100904, at *1 (D. Nev. Feb. 12, 2018).  A defendant's default, however, does not automatically entitle Plaintiff "to a court-ordered judgment."  *PepsiCo. Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (internal citation omitted).  Rather, the decision to enter a default judgment is left to the

discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). As part of that exercise of discretion, the Ninth Circuit instructs that courts have a duty to ensure they have a proper basis for exercising personal jurisdiction over the absent defendant. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). This is because a "judgment entered without personal jurisdiction over the parties is void. To avoid entering a default judgment that can later be successfully attacked as void, the court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place." *Id.*

The Court does not have jurisdiction over a defendant unless the plaintiff properly served the defendant under Fed. R. Civ. P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Pursuant to Rule 4(h)(1), a foreign corporation may be served in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering process to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[1] However,

> service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process. The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice. Thus, the service can be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.

*Direct Mail Specialists, Inc.*, 840 F.2d at 688 (internal citations and quotation marks omitted). "Whether the served individual fits within this category involves a factual inquiry into the person's authority within the corporation." *Penn Eng'g & Mfg. Corp. v. Shanghai Jingyang Import & Export Co., Ltd.*, Case No. 2:07-cv-01505-PMP-GWF, 2008 WL 11452324, at *3 (D. Nev. Apr. 15, 2008) (internal citation omitted). Rule 4 is a "flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* (internal citation omitted). Notwithstanding, even if the defendant receives actual notice, the Court lacks jurisdiction over the defendant unless the plaintiff substantially complies with Rule 4. *Id.*

---

[1]     Fed. R. Civ. P. 4(e)(1) provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Plaintiff does not contend service was effected under this provision.

Here, Plaintiff alleges that it served a copy of the Summons and Complaint personally upon Defendant's "employee" Bi Xiaobo ("Xiaobo") on October 31, 2018, at the Las Vegas International Fastener Expo.  ECF Nos. 7, 11 at 8.  Plaintiff does not allege, or offer any support, which would allow the Court to reasonably conclude that Xiaobo is an officer, managing agent or agent appointed by law authorized to accept service of process for Defendant.  Plaintiff instead simply concludes that Xiaobo was Defendant's "employee at the Expo" and that Xiaobo "is a sufficient agent or representative to serve process upon."  ECF No. 11 at 8, *citing Direct Mail Specialists, Inc.*, 840 F.2d at 688.

Based on the facts presented, the Court cannot determine whether Xiaobo "stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service" for Defendant.  *Direct Mail Specialists, Inc.*, 840 F.2d at 688; *see also Audio Toys, Inc. v. Smart AV Pty Ltd.*, Case No. C 06-6298 SBA, 2007 WL 1655793, at *4 (N.D. Cal. June 7, 2007) (plaintiff failed to establish effective service of process where there was little evidence of the served individual's role within the organization, although the individual attended a trade show, provided information materials about the organization's products, and gave away a business card indicating he was an employee of the organization).  In a factually similar case involving the same Plaintiff, this District Court found Penn did not substantially comply with Rule 4's requirements where it served process on an individual named Jiang at a Las Vegas trade show.  *Penn Eng'g & Mfg. Corp.*, *supra*, 2008 WL 11452324, at *4.  The plaintiff provided "little evidence" demonstrating that Jiang was an officer, managing agent, an agent appointed by law for accepting receipt of service of process or otherwise served in a "role within the organization" other than "the fact that she was seen at a trade show."  *Id*.  Plaintiff nonetheless contended it had obtained a business card listing the defendant's email address for Jiang, observed Jiang wearing the defendant's Chairman and General Manager Liu's nametag, and claimed Jiang made no effort to communicate to Plaintiff that he was not Liu.  *Id*. at **2, 4.  Plaintiff's process server also maintained he addressed "Jiang as Liu and Jiang responded by looking up."  *Id*. at *4.  Despite these allegations, the Court found Plaintiff and

its process server "took no further steps to verify Jiang's identity or to ensure Jiang was a person who properly could accept service on [the defendant's] behalf," and therefore granted a motion to quash service. *Id*.

Other than identifying Xiaobo as Defendant's employee at a trade show, Plaintiff provides nothing to support the conclusion that Xiaobo had the authority to accept service on Defendant's behalf. ECF Nos. 7, 11 at 8 (internal citation omitted). These facts fall far short of the information necessary to allow the Court to find service was valid. *Penn Eng'g & Mfg. Corp.*, 2008 WL 11452324, at *4 (internal citation omitted).

In light of the foregoing, the Court finds Plaintiff has not sufficiently complied with Fed. Civ. P. 4's service-of-process requirements. *Direct Mail Specialists, Inc.*, 840 F.2d at 688. As "judgment entered without personal jurisdiction over the parties is void," the Court recommends Plaintiff's Motion for Default Judgment be denied without prejudice. *In re Tuli*, 172 F.3d at 712. The Court further recommends Plaintiff be provided one additional opportunity to serve Defendant under Rules 4(f) and (h)(2). It is further recommended that Plaintiff be given leave to refile its Motion after it demonstrates service-of-process was properly attempted on Defendant.

## III. RECOMMENDATIONS

Accordingly,

IT IS HEREBY RECOMMENDED that Plaintiff Penn Engineering and Manufacturing Corp.'s Motion for Default Judgment and Permanent Injunction (ECF No. 11) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiff be given one additional thirty (30) day opportunity to serve Defendant Dongguan Zhengmao Precision Hardware Factory in accordance with Fed. R. Civ. P. 4(f) and (h)(2).

1    IT IS FURTHER RECOMMENDED that Plaintiff be given leave to refile its Motion for

2    Default Judgment and Permanent Injunction once it demonstrates to the Court service of process

3    upon Defendant was properly attempted or, if achieved, no responsive pleading was timely filed.

4    DATED THIS 8th day of January, 2021.

5

6

7    _____
     ELAYNA J. YOUCHAH

8    UNITED STATES MAGISTRATE JUDGE

9

10

11                                    **NOTICE**

12    Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be

13    in writing and filed with the Clerk of Court within fourteen (14) days.  The Supreme Court has held

14    that the courts of appeal may determine that an appeal has been waived due to the failure to file

15    objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

16    held that (1) failure to file objections within the specified time and (2) failure to properly address

17    and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

18    factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir.

19    1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

20

21

22

23

24

25

26

27

28