UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PENN ENGINEERING AND MANUFACTURING CORP., <br><br>Plaintiff, <br><br>v. <br><br>DONGGUAN FENGGANG PRECISION HARDWARE FACTORY, <br><br>Defendant. | Case No. 2:18-cv-02079-GMN-EJY <br><br><br>**ORDER** |

Before the Court is Plaintiff Penn Engineering and Manufacturing Corp.'s *Ex Parte* Motion for Alternate Service, or Alternatively, for Early Discovery, and an Extension of Time to Serve. ECF No. 15.

**I.    BACKGROUND**

On October 29, 2018, Plaintiff filed a Complaint alleging Trademark Infringement, False Designation of Origin, Trademark Counterfeiting under the Lanham Act, and Common Law Trademark Infringement and Unfair Competition Causes of Action against Defendant. ECF No. 1. On November 5, 2018, executed summons was returned for Defendant. ECF No. 7. Plaintiff alleged that it served a copy of the Summons and Complaint personally upon Defendant's "employee" Bi Xiaobo ("Xiaobo") at the Las Vegas International Fastener Expo. ECF Nos. 7, 11 at 8. On January 2, 2019, the Clerk of Court entered default against Defendant. ECF No. 9. On June 10, 2020, Plaintiff filed its Motion for Default Judgment and Permanent Injunction, which it certified it served upon Defendant. ECF No. 11 at 21.

On January 8, 2021, the Court issued a Report and Recommendation finding Plaintiff did not sufficiently comply with Fed. R. Civ. P. 4's service-of-process requirements because Plaintiff provided nothing to support the conclusion that Xiaobo had the authority to accept service on Defendant's behalf. ECF No. 12 at 4. The Court recommended that: (1) Plaintiff's Motion for Default Judgment and Permanent Injunction be denied without prejudice; (2) Plaintiff be given one

additional thirty day opportunity to serve Defendant in accordance with Fed. R. Civ. P. 4(f) and (h)(2); and, (3) Plaintiff be granted leave to refile its Motion for Default Judgment and Permanent Injunction once it demonstrates to the Court service of process upon Defendant was properly attempted or, if achieved, no responsive pleading was timely filed. *Id*. at 4-5. On February 17, 2021, Judge Navarro accepted and adopted the Report and Recommendation in full.   ECF No. 13.

On March 12, 2021, Plaintiff submitted a Certificate of Service, confirming that copies of the Summons and Complaint were served by United States Priority International Mail on Defendant's Chinese address.  ECF No. 14.

On March 16, 2021, Plaintiff filed the present Motion seeking the Court's leave to serve Defendant by electronic mail or, alternatively, to extend time to serve Defendant and engage in limited discovery to obtain additional information on whether Xiaobo had sufficient authority to accept service.  ECF No. 15 at 4-5.

**II.    DISCUSSION**

Fed. R. Civ. P. 4(h)(2) states that, unless federal law provides otherwise, a foreign corporation may be served in any manner prescribed by Rule 4(f) for serving an individual.  In turn, Rule 4(f)(3) provides that "[u]nless federal law provides otherwise, an individual … may be served at a place not within any judicial district of the United States … by other means not prohibited by international agreement, as the court orders."  The alternative method of service of process must comport with constitutional notions of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002).  Due process requires that defendant in a civil action be given notice of the action such that it is reasonably calculated to apprise the defendant of the pendency of the action and affords the defendant an opportunity to present its objections. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).  Service of process under Rule 4(f)(3), however, is "neither a last resort nor extraordinary relief." *Rio Props., Inc.*, 284 F.3d at 1017.  A plaintiff is not required to attempt every permissible means of service of process before requesting an alternative method of service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).  "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).

Here, service by electronic mail meets the due process requirements of apprising Defendant of the pendency of this action. Indeed, as Plaintiff points out, this "Court has consistently and routinely recognized alternative service upon Chinese companies via e-mail." ECF No. 15 at 3-4 (collecting cases). Plaintiff further represents that it is "informed and believes that service by email to the email addresses listed on [Defendant's] website under the 'Contact Us' section is reliable and would reach [Defendant]." *Id*. at 4. The Court therefore grants Plaintiff's Motion for Alternate Service by electronic mail, and declines to reach Plaintiff's separate request for early discovery and an extension of time to serve.

### III. ORDER

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion for Alternate Service, or Alternatively, for Early Discovery, and an Extension of Time to Serve (*id*.) is GRANTED to the extent that Plaintiff shall be permitted to effect service of process on Defendant by electronic mail at the email listed on Defendant's website under the "Contact Us" section on its website.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order on Defendant at the same time Plaintiff serves the Complaint.

IT IS FURTHER ORDERED, *sua sponte*, that the Court grants an extension of time to effect service on Defendant and file proof of same to April 15, 2021.

IT IS FURTHER ORDERED that Defendant shall have through and including May 7, 2021 to file a responsive pleading absent agreement of the parties to a different date.

DATED this 17th day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE