UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PENN ENGINEERING AND MANUFACTURING CORP., <br><br> Plaintiff, <br><br> vs. <br><br> DONGGUAN ZHENGMAO PRECISION HARDWARE FACTORY, <br><br> Defendant. | Case No.: 2:18-cv-02079-GMN-EJY <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Elayna J. Youchah, (ECF No. 22), which recommends granting Plaintiff Penn Engineering and Manufacturing Corporation's ("Plaintiff's") Renewed Motion for Default Judgment and Permanent Injunction, (ECF No. 21).

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See*, *e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so, November 1, 2021, has passed. (*See* Report and Recommendation, ECF No. 22).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 22), is **ACCEPTED AND ADOPTED in full**.

**IT IS FURTHER ORDERED** that Plaintiffs' Renewed Motion for Default Judgment and Permanent Injunction, (ECF No. 21), is **GRANTED**.

**IT IS FURTHER ORDERED** that a permanent injunction is **GRANTED**, enjoining:

- Defendant, and anyone acting in concert with them or on their respective behalves, including, but not limited to their respective employees, agents, officers, directors, attorney's successors, affiliates, subsidiaries, and assigns (collectively, for purposes of these Recommendations, the "Defendant Representatives"), from infringing Plaintiff's trademarks, engaging in any activity that infringes on Plaintiff's trademark rights or engaging in any activity constituting unfair competition with Plaintiff;

- any third party from the manufacture, distribution, providing, selling, marketing, advertising or promoting fasteners bearing any of Plaintiff's Trade Dress or any other mark that is a copy, counterfeit, simulation, confusingly similar variation or colorable imitation of Plaintiff's marks;

- Defendant and Defendant Representatives from making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that Defendant's fasteners are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff;

- Defendant and Defendant Representatives from using or authorizing any third party to use in connection with any business, goods or services any false description, false representation or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associates such business, goods and/or services with Plaintiff or tend to do so;

- Defendant and Defendant Representatives from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Trade Dress or any other mark that infringes or is likely to be confused with Plaintiff's Trade Dress, any goods or services of Plaintiff, or Plaintiff as their source; or

- aiding, assisting, or abetting any other individual or entity in doing any act prohibited by any of the above.

**IT IS FURTHER ORDERED** that Plaintiff's request for damages is **DENIED without prejudice**.  Plaintiff is allowed to submit a supplemental memorandum that establishes each of the four counterfeit marks for which they seek a total award of $8,000,000 in statutory damages under 15 U.S.C. § 1117(c)(2).

**DATED** this __4__ day of November, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT